**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HASAN and JEANNA HASAN,<br><br>Plaintiffs,<br><br>v.<br><br>BNC MORTGAGE, INC., MERSCORP, INC., and CHASE MANHATTAN MORTGAGE CORPORATION,<br><br>Defendants. | ) | No. 04 C 6987 |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs James and Jeanna Hasan have brought this action under the Truth in Lending Act, 15 U.S.C. §§ 1635, 1637, against defendants BNC Mortgage, Inc. ("BNC"), Merscorp, Inc., and Chase Manhattan Mortgage Corporation. The complaint seeks (i) rescission of a $127,500 mortgage loan from BNC that was secured by plaintiffs' residence and personal property (Count I), and (ii) damages for defendants' alleged failure to disclose the security interest in plaintiffs' personal property (Count II). Before the court is BNC's motion to dismiss Count I under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

BNC has notified plaintiffs of its willingness to rescind the loan transaction. The court has ordered, on BNC's oral motion, that rescission is conditioned upon plaintiffs (who have already defaulted on the loan) providing assurances that the non-

rescindable amount of the loan will be repaid upon BNC's release of their security interest. See AFS Financial, Inc. v. Burdette, 105 F.Supp.2d 881, 881-82 (N.D. Ill. 2000) ("It is now well settled that a court, in the exercise of its equitable discretion, as confirmed by the last sentence of § 1635(b), can condition rescission upon tender of the amounts previously advanced, leaving the security interest in place until the tender is made."); Velazquez v. HomeAmerican Credit, Inc., 254 F.Supp.2d 1043, 1045 (N.D. Ill. 2003) ("A scheme that requires the creditor to act first by canceling its security interest without assurance that the consumer will do her part risks leaving the creditor high and dry, an unsecured creditor forced to rely on the consumer's good graces and ability to tender.").

BNC now moves to dismiss the rescission claim on the ground that plaintiffs have expressed no willingness, or ability, to provide BNC with any assurances of payment. The only response by plaintiffs that merits discussion is its representation that it *will* have the ability to tender the non-rescindable loan proceeds because they have listed their property for sale and have received a letter from a prospective buyer indicating an intent to make a cash offer. As of today's order, we have received no indication from plaintiffs that the property has been sold, and unless and until it is, plaintiffs' *attempts* to sell their property will not suffice as an adequate assurance of payment.

Without a satisfactory representation that plaintiffs are willing and able to tender they cannot comply with the court’s order, and rescission is unavailable. Because the remedy plaintiffs seek is not available, their rescission claim does not present a justiciable “case or controversy,” and must be dismissed as moot. See U.S. Const., Art. III, § 2; United States v. Balint, 201 F.3d 928, 936 (7th Cir. 2000) (“[A] case is moot if there is no possible relief which the court could order that would benefit the party seeking it.”).

Accordingly, BNC’s motion to dismiss [30-1] is granted, and Count I is dismissed as to all parties for lack of subject matter jurisdiction. The dismissal is without prejudice to renewing the rescission claim should plaintiffs come forward with adequate assurances of payment. Failure to do so will result in a dismissal with prejudice.

DATE: July 12, 2005

ENTER: ______________________________

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JAMES HASAN and JEANNA HASAN, )
Plaintiffs, )
v. ) No. 04 C 6987
BNC MORTGAGE, INC., MERSCORP, INC., and CHASE MANHATTAN MORTGAGE CORPORATION, )
Defendants. )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs James and Jeanna Hasan have brought this action under the Truth in Lending Act, 15 U.S.C. §§ 1635, 1637, against defendants BNC Mortgage, Inc. ("BNC"), Merscorp, Inc., and Chase Manhattan Mortgage Corporation. The complaint seeks (i) rescission of a $127,500 mortgage loan from BNC that was secured by plaintiffs' residence and personal property (Count I), and (ii) damages for defendants' alleged failure to disclose the security interest in plaintiffs' personal property (Count II). Before the court is BNC's motion to dismiss Count I under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

BNC has notified plaintiffs of its willingness to rescind the loan transaction. The court has ordered, on BNC's oral motion, that rescission is conditioned upon plaintiffs (who have already defaulted on the loan) providing assurances that the non-

rescindable amount of the loan will be repaid upon BNC’s release of their security interest. See AFS Financial, Inc. v. Burdette, 105 F.Supp.2d 881, 881-82 (N.D. Ill. 2000) (“It is now well settled that a court, in the exercise of its equitable discretion, as confirmed by the last sentence of § 1635(b), can condition rescission upon tender of the amounts previously advanced, leaving the security interest in place until the tender is made.”); Velazquez v. HomeAmerican Credit, Inc., 254 F.Supp.2d 1043, 1045 (N.D. Ill. 2003) (“A scheme that requires the creditor to act first by canceling its security interest without assurance that the consumer will do her part risks leaving the creditor high and dry, an unsecured creditor forced to rely on the consumer’s good graces and ability to tender.”).

BNC now moves to dismiss the rescission claim on the ground that plaintiffs have expressed no willingness, or ability, to provide BNC with any assurances of payment. The only response by plaintiffs that merits discussion is its representation that it *will* have the ability to tender the non-rescindable loan proceeds because they have listed their property for sale and have received a letter from a prospective buyer indicating an intent to make a cash offer. As of today’s order, we have received no indication from plaintiffs that the property has been sold, and unless and until it is, plaintiffs’ *attempts* to sell their property will not suffice as an adequate assurance of payment.

Without a satisfactory representation that plaintiffs are willing and able to tender they cannot comply with the court's order, and rescission is unavailable. Because the remedy plaintiffs seek is not available, their rescission claim does not present a justiciable "case or controversy," and must be dismissed as moot. See U.S. Const., Art. III, § 2; United States v. Balint, 201 F.3d 928, 936 (7th Cir. 2000) ("[A] case is moot if there is no possible relief which the court could order that would benefit the party seeking it.").

Accordingly, BNC's motion to dismiss [30-1] is granted, and Count I is dismissed as to all parties for lack of subject matter jurisdiction. The dismissal is without prejudice to renewing the rescission claim should plaintiffs come forward with adequate assurances of payment. Failure to do so will result in a dismissal with prejudice.

DATE: July 12, 2005

ENTER: ______________________________

John F. Grady, United States District Judge

04-6987.051-TCM July 12, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HASAN and JEANNA HASAN, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04 C 6987 |
| BNC MORTGAGE, INC., MERSCORP, INC., and CHASE MANHATTAN MORTGAGE CORPORATION, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs James and Jeanna Hasan have brought this action under the Truth in Lending Act, 15 U.S.C. §§ 1635, 1637, against defendants BNC Mortgage, Inc. ("BNC"), Merscorp, Inc., and Chase Manhattan Mortgage Corporation. The complaint seeks (i) rescission of a $127,500 mortgage loan from BNC that was secured by plaintiffs' residence and personal property (Count I), and (ii) damages for defendants' alleged failure to disclose the security interest in plaintiffs' personal property (Count II). Before the court is BNC's motion to dismiss Count I under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

BNC has notified plaintiffs of its willingness to rescind the loan transaction. The court has ordered, on BNC's oral motion, that rescission is conditioned upon plaintiffs (who have already defaulted on the loan) providing assurances that the non-


rescindable amount of the loan will be repaid upon BNC's release of their security interest. See AFS Financial, Inc. v. Burdette, 105 F.Supp.2d 881, 881-82 (N.D. Ill. 2000) ("It is now well settled that a court, in the exercise of its equitable discretion, as confirmed by the last sentence of § 1635(b), can condition rescission upon tender of the amounts previously advanced, leaving the security interest in place until the tender is made."); Velazquez v. HomeAmerican Credit, Inc., 254 F.Supp.2d 1043, 1045 (N.D. Ill. 2003) ("A scheme that requires the creditor to act first by canceling its security interest without assurance that the consumer will do her part risks leaving the creditor high and dry, an unsecured creditor forced to rely on the consumer's good graces and ability to tender.").

BNC now moves to dismiss the rescission claim on the ground that plaintiffs have expressed no willingness, or ability, to provide BNC with any assurances of payment. The only response by plaintiffs that merits discussion is its representation that it *will* have the ability to tender the non-rescindable loan proceeds because they have listed their property for sale and have received a letter from a prospective buyer indicating an intent to make a cash offer. As of today's order, we have received no indication from plaintiffs that the property has been sold, and unless and until it is, plaintiffs' *attempts* to sell their property will not suffice as an adequate assurance of payment.

Without a satisfactory representation that plaintiffs are willing and able to tender they cannot comply with the court's order, and rescission is unavailable. Because the remedy plaintiffs seek is not available, their rescission claim does not present a justiciable "case or controversy," and must be dismissed as moot. See U.S. Const., Art. III, § 2; United States v. Balint, 201 F.3d 928, 936 (7th Cir. 2000) ("[A] case is moot if there is no possible relief which the court could order that would benefit the party seeking it.").

Accordingly, BNC's motion to dismiss [30-1] is granted, and Count I is dismissed as to all parties for lack of subject matter jurisdiction. The dismissal is without prejudice to renewing the rescission claim should plaintiffs come forward with adequate assurances of payment. Failure to do so will result in a dismissal with prejudice.

DATE: July 12, 2005

ENTER: ______________________________

John F. Grady, United States District Judge

04-6987.051-TCM July 12, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAMES HASAN and JEANNA HASAN, )
)
Plaintiffs, )
)
v. ) No. 04 C 6987
)
BNC MORTGAGE, INC., )
MERSCORP, INC., and CHASE )
MANHATTAN MORTGAGE CORPORATION, )
)
Defendants. )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs James and Jeanna Hasan have brought this action under the Truth in Lending Act, 15 U.S.C. §§ 1635, 1637, against defendants BNC Mortgage, Inc. ("BNC"), Merscorp, Inc., and Chase Manhattan Mortgage Corporation. The complaint seeks (i) rescission of a $127,500 mortgage loan from BNC that was secured by plaintiffs' residence and personal property (Count I), and (ii) damages for defendants' alleged failure to disclose the security interest in plaintiffs' personal property (Count II). Before the court is BNC's motion to dismiss Count I under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

BNC has notified plaintiffs of its willingness to rescind the loan transaction. The court has ordered, on BNC's oral motion, that rescission is conditioned upon plaintiffs (who have already defaulted on the loan) providing assurances that the non-

rescindable amount of the loan will be repaid upon BNC's release of their security interest. See AFS Financial, Inc. v. Burdette, 105 F.Supp.2d 881, 881-82 (N.D. Ill. 2000) ("It is now well settled that a court, in the exercise of its equitable discretion, as confirmed by the last sentence of § 1635(b), can condition rescission upon tender of the amounts previously advanced, leaving the security interest in place until the tender is made."); Velazquez v. HomeAmerican Credit, Inc., 254 F.Supp.2d 1043, 1045 (N.D. Ill. 2003) ("A scheme that requires the creditor to act first by canceling its security interest without assurance that the consumer will do her part risks leaving the creditor high and dry, an unsecured creditor forced to rely on the consumer's good graces and ability to tender.").

BNC now moves to dismiss the rescission claim on the ground that plaintiffs have expressed no willingness, or ability, to provide BNC with any assurances of payment. The only response by plaintiffs that merits discussion is its representation that it *will* have the ability to tender the non-rescindable loan proceeds because they have listed their property for sale and have received a letter from a prospective buyer indicating an intent to make a cash offer. As of today's order, we have received no indication from plaintiffs that the property has been sold, and unless and until it is, plaintiffs' *attempts* to sell their property will not suffice as an adequate assurance of payment.

Without a satisfactory representation that plaintiffs are willing and able to tender they cannot comply with the court's order, and rescission is unavailable. Because the remedy plaintiffs seek is not available, their rescission claim does not present a justiciable "case or controversy," and must be dismissed as moot. See U.S. Const., Art. III, § 2; United States v. Balint, 201 F.3d 928, 936 (7th Cir. 2000) ("[A] case is moot if there is no possible relief which the court could order that would benefit the party seeking it.").

Accordingly, BNC's motion to dismiss [30-1] is granted, and Count I is dismissed as to all parties for lack of subject matter jurisdiction. The dismissal is without prejudice to renewing the rescission claim should plaintiffs come forward with adequate assurances of payment. Failure to do so will result in a dismissal with prejudice.

DATE: July 12, 2005

ENTER: ______________________________

John F. Grady, United States District Judge